IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BONNIE HAGEMAN and <br> DORIANNE HAGEMAN-LOWDER <br><br> Plaintiffs, <br><br> v. <br><br> JARED B. DERANEY, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 5:16-cv-342 (MTT) |

## ORDER

The Plaintiffs brought this False Claims Act suit on behalf of themselves and the United States of America, alleging the Defendants submitted Medicare claims and falsely certified those claims were in compliance with federal regulations, including the Federal Anti-Kickback Act and the Physician Self-Referral statute. Docs. 3 at 1; 8 ¶¶ 1-19. On March 22, 2018, approximately a year and a half after the complaint was filed, the Government declined to intervene. Doc. 14. On March 27, 2018, the Court unsealed the complaint and directed service by the Plaintiffs. Doc. 15. Nearly a year later, the Plaintiffs do not appear to have served the Defendants.

On February 14, 2019, the Court ordered the Plaintiffs to show cause, no later than February 21, 2019, why their case should not be dismissed, pursuant to Rule 4(m) of the Federal Rules of Civil procedure, for failure to serve the Defendants. Doc. 23. The time for compliance with that Order passed without a response. Because the Plaintiffs have failed to comply with the Court's instructions and have not shown good cause for the failure to serve the Defendant, the complaint is **DISMISSED without**

**prejudice**.[1]  *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

**SO ORDERED**, this 5th day of March, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears the statute of limitations may have run or is about to run on the Plaintiffs' claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (same).